J. FRANK BAGLEY v. ANDREW McFARLAND.

*When the gist of an action fails no recovery can be had.*

Plaintiff alleged in his declaration that defendant wrongfully procured his appointment as guardian of the plaintiff, and, under color of such appointment, committed certain wrongs against his property and personal rights. On trial he abandoned the claim that the defendant had wrongfully procured himself to be appointed, but insisted that the appointment by the Probate Court was irregular and void. *Held,* that the plaintiff could not recover upon his declaration; that the wrongful securing of his appointment was the gist of the action, and, that failing, he could not show mere matter of aggravation.

This was an action on the case. Plea, the general issue. Trial by jury at the June Term, Orange County, 1887, ROYCE, Ch. J., presiding. Verdict and judgment for the defendant. Exceptions by the plaintiff.

The plaintiff alleged in his declaration that the defendant had wrongfully procured himself to be appointed guardian, and by virtue of that appointment committed certain wrongs against the property and personal rights of the plaintiff. Upon the trial he abandoned the claim that the defendant wrongfully procured his own appointment, but insisted that he acted under an appointment from the Probate Court, which was in fact irregular and void, and therefore no protection to him. The court allowed the plaintiff to introduce evidence of the various alleged misfeasances of the defendant as guardian, and submitted the issues to the jury, and, in the course of the trial, various exceptions were taken by the plaintiff, which are immaterial in view of the decision of the court. In its charge, the court, against the exception of the plaintiff, instructed the jury that the defendant, having been appointed by the Probate Court, and acted in good faith under that appointment, would be a guardian *de facto,* and that the remedy of the plaintiff for that portion of the alleged

grievances relating to the mismanagement of the property would be by suit upon the guardian's bond.

*Roswell Farnham* and *R. M. Harvey*, for the plaintiff.

*A. M. Dickey*, for the defendant.

The opinion of the court was delivered by

POWERS, J. This case seems to have been tried in the court below upon a misapprehension of the issue really involved.

The declaration in the case avers that the defendant, without any lawful right or just cause, or the least color of right, procured from the Probate Court an appointment of himself as guardian of plaintiff, which said appointment, as the defendant well knew, was wholly illegal and void. It then proceeds to charge certain wrongful acts done by defendant under color of such illegal appointment.

The gist of the action is the wrongful act of the defendant in securing his appointment as guardian, and the allegations of wrong-doing under color of such wrongful appointment, such as compelling the plaintiff's wife to leave him, wrongfully taking possession of the plaintiff's property, and wrongfully resisting the plaintiff's attempt to remove the defendant, are mere matters of aggravation of the defendant's tortious act in securing the guardianship, under which all such wrongful things were done.

The moment, then, that the plaintiff abandoned the charge that the defendant wrongfully procured his appointment as guardian, he practically entered a non-suit. It had the same effect as would follow in an action of trespass *quare clausum*, where the gist of the action is the breaking and entering, if the plaintiff should abandon the allegation that the defendant broke and entered the plaintiff's close.

If the plaintiff had not abandoned the charge that the defendant wrongfully procured his own appointment, and on this issue the jury had found for the defendant, the judgment would be for

the defendant, no matter what they might find respecting the matters alleged by way of aggravation.

The only flaw in the defendant's title to his office of guardian, charged in the declaration, and therefore the only one open to proof on trial, is the illegal act of the defendant in securing the appointment. In all other respects the declaration, in legal effect, concedes that the appointment was valid. Hence the charge of the court that the defendant was a *de facto* guardian, was more favorable to the plaintiff than he was entitled to, as the defendant in fact, as the case stood, was a *de jure* guardian, and so the plaintiff was not injured by the charge.

The court reached a correct result, and as it is the only result that can be reached upon the facts,

*The judgment is affirmed.*